## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JORDON SCOTT BARTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 17-CV-100-GKF-FHM** |
| | ) | |
| **MIKE HUNTER,** | ) | |
| **Oklahoma Attorney General,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION AND ORDER</u>

On February 27, 2017, Petitioner, a pro se litigant residing in Pine Grove, Colorado, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) and paid the filing fee (Dkt. 2). He is challenging his conviction in Tulsa County District Court Case No. CF-2012-4901 for Domestic Abuse by Strangulation (Count 1), Interfering with an Emergency Telephone Call (Count 3), and Threatening an Act of Violence (Count 4). Respondent filed a response in opposition to the petition, along with the state court record (Dkts. 8, 9).

After reviewing the response to the petition, the Court directed Respondent to file a supplement to the response to address whether Petitioner satisfied the "in custody" requirement of 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a) (Dkt. 17). Respondent's supplement concedes that Petitioner was not "in custody" when the habeas petition was filed (Dkt. 22 at 1). Therefore, Respondent requests that the petition and Petitioner's pending motions be dismissed. *Id.*

Respondent alleges that on November 4, 2015, Petitioner was convicted and sentenced to one year's imprisonment for Count 1, with credit for time served pending trial, and a $500.00 fine for each of Counts 3 and 4 (Dkt. 8-10 at 39). Respondent asserts that because Petitioner was granted

credit for time served pending trial, his sentence expired at the conclusion of the jury trial on November 4, 2015 (Dkt. 22 at 2). Petitioner's docket sheet for Case No. CF-2012-4901 indicates that on November 6, 2015, he paid the $500.00 fines ordered in Counts 3 and 4 (Dkt. 8-10 at 43).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Because Petitioner cannot satisfy the "in custody" requirement, the Court lacks jurisdiction to consider his habeas corpus claims, and the petition must be **dismissed without prejudice**.

In addition, the Court **deems moot** Petitioner's pending (1) motion to add count of denying speedy trial (Dkt. 18); (2) discovery request to JK,[1] motion to add count of denying speedy trial, necessary reason for court order to be mailed transcripts, and motion for court to take judicial notice of attorney evil (Dkt. 20); and (3) motion for Court to take judicial notice of [Petitioner's] developmental disorder (Dkt. 26).

### Certificate of Appealability

Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised

---

[1] Based on the record, the Court assumes "JK" stands for Petitioner's defense counsel.

are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on lack of subject matter jurisdiction is debatable or incorrect. There is no authority in the record suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Therefore, a certificate of appealability is **denied**.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus (Dkt. 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

2. Petitioner's pending motions (Dkts. 18, 20, and 26) are **deemed moot**.

3. Petitioner is **denied** a certificate of appealability.

4. This is a final Order terminating this action.

**DATED** this 1st day of February 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT